MOVANTS EXHIBIT A

**LTCGF#114706-027671**

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

**SPECIAL WARRANTY DEED WITH VENDOR'S LIEN**
**(Vendor's Lien Reserved and Assigned to Third Party Lender)**

STATE OF TEXAS §
§ KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF COLLIN §

THAT THE UNDERSIGNED Lennar Homes of Texas Sales and Marketing, Ltd., a Texas limited partnership, hereinafter referred to as "Grantor," whether one or more, for and in consideration of the sum of TEN DOLLARS ($10.00), and other valuable consideration to the undersigned in hand paid by the Grantee herein named, the receipt of which is hereby acknowledged, and the further consideration of the execution and delivery by the Grantee of that one certain promissory note of even date herewith in the principal sum of $372,134.00, payable to the order of Lennar Mortgage, LLC, a Florida limited liability company ("Lender"), as therein specified, providing for acceleration of maturity and for attorneys' fees, the payment of which note is secured by the vendor's lien herein retained, and is additionally secured by a deed of trust of even date herewith to Allan B. Polunsky, TRUSTEE, has GRANTED, SOLD AND CONVEYED, and by these presents does GRANT, SELL AND CONVEY unto Justin Lee Boswell and Katelyn Danielle Sweeney and Clay Scott Boswell, hereinafter referred to as "Grantee," whether one or more, having a mailing address of 1308 Lazy Grove Drive, Anna, Texas 75409, the real property including any improvements described as:

> Lot 16, Block Q, of A FINAL PLAT OF VILLAGES OF HURRICANE CREEK - NORTH, PHASE 1A, a subdivision in Collin County, Texas according to the map or plat thereof recorded in Volume 2023, Page 264, of the Plat Records of Collin County, Texas.

Unofficial

MOVANT'S EXHIBIT A

This conveyance, however, is made and accepted subject to:

A. Any and all restrictions, encumbrances, easements, covenants, conditions, outstanding mineral interests held by third parties, and reservations, if any, relating to the hereinabove described property as the same are filed for record in the County Clerk's Office of Collin County, Texas.

B. The arbitration provision referred to on Exhibit "A" attached hereto (the "Arbitration Provision").

TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Grantee, Grantee's heirs, executors, administrators, successors and/or assigns forever; and Grantor does hereby bind Grantor, Grantor's heirs, executors, administrators, successors and/or assigns, to WARRANT AND FOREVER DEFEND all and singular the said premises unto the said Grantee, Grantee's heirs, executors, administrators, successors and/or assigns, against every person whomsoever claiming or to claim the same or any part thereof, by, through, or under Grantor, but not otherwise.

But it is expressly agreed that the Vendor's Lien, as well as superior title in and to the above described premises, is retained against the above described property, premises and improvements until the above described note and all interest thereon are fully paid according to the face, tenor, effect and reading thereof, when this Special Warranty Deed with Vendor's Lien (this "Deed") shall become absolute. Lender at the instance and request of the Grantee herein, having advanced and paid in cash to the Grantor herein that portion of the purchase price of the herein described property as is evidenced by the hereinabove described Note, the Vendor's Lien, together with the superior title to said property, is retained herein for the benefit of said Lender and the same are hereby TRANSFERRED AND ASSIGNED to said Lender, its successors and assigns.

Current ad valorem taxes on the property having been prorated, the payment thereof is assumed by Grantee.

Unofficial

EXECUTED ON THE 22 day of November, 2024.

Lennar Homes of Texas Sales and Marketing, Ltd.,
a Texas limited partnership

By: U.S. Home LLC, a Delaware limited liability company (as successor in interest by conversion from U.S. Home Corporation, a Delaware corporation), its General Partner

By: ______________________
Andrew Piwonski, Authorized Agent

STATE OF TEXAS §
§
COUNTY OF Dallas §

The foregoing instrument was acknowledged before me on this the 22 day of November, 2024, by Andrew Piwonski, Authorized Agent of U.S. Home LLC, a Delaware limited liability company (as successor in interest by conversion from U.S. Home Corporation, a Delaware corporation), on behalf of said limited liability company, and the limited liability company executed this instrument in its capacity as General Partner of Lennar Homes of Texas Sales and Marketing, Ltd., a Texas limited partnership.

JESSICA AREVALO
Notary ID #134248679
My Commission Expires
March 13, 2027

______________________
NOTARY PUBLIC, STATE OF TEXAS

Jessica Arevalo
PRINTED NAME OF NOTARY

MY COMMISSION EXPIRES:
03/13/2027

**RETURN TO:**

Lennar Title, Inc.
4201 N. SH 161, Suite 115
Irving, Texas 75038

Unofficial

**EXHIBIT "A"**
**ARBITRATION PROVISION**

1. Dispute Resolution. Grantor and Grantee specifically agree that it is their desire to efficiently and quickly resolve any disputes that arise, that this transaction involves interstate commerce, and that any Dispute (as hereinafter defined) shall first be submitted to mediation and, if not settled during mediation, shall thereafter be submitted to binding arbitration as provided by the Federal Arbitration Act (9 U.S.C. §§1 et seq.) and not by or in a court of law or equity. "Disputes" (whether contract, warranty, tort, statutory or otherwise), shall include, but are not limited to, any and all controversies, disputes or claims: (1) arising under, or related to, this Deed, the Property, the underlying purchase agreement for the sale and conveyance of the Property, the community in which the Property is located, or any dealings between Grantor and Grantee; (2) arising by virtue of any representations, promises or warranties alleged to have been made by Grantor or Grantor's representative; (3) relating to personal injury or property damage alleged to have been sustained by Grantee, Grantee's children or other occupants of the Property, or in the community in which the Property is located; or (4) relating to issues of formation, validity or enforceability of this Exhibit "A".

2. Mediation. If the parties are unable to agree to a mediator, the parties will utilize the American Arbitration Association ("AAA") for this role. The parties expressly agree that the mediator's charges shall be equally shared and that each party shall be responsible for its own costs and fees, including attorneys' fees and consultant fees incurred in connection with the mediation.

3. Arbitration. If the Dispute is not fully resolved by mediation, the Dispute shall be submitted to binding arbitration and administered by the AAA in accordance with the AAA's Construction Industry Arbitration Rules. In no event shall the demand for arbitration be made after the date when the institution of legal or equitable proceedings based on the Disputes would be barred by the applicable statute(s) of limitations, which such statute(s) of limitations the parties expressly agree apply to any Disputes. The decision of the arbitrator(s) shall be final and binding on both parties. Any judgment upon the award rendered by the arbitrator may be entered in and enforced by any court having jurisdiction over such Dispute. If the claimed amount exceeds $250,000.00, or includes a demand for punitive damages, the Dispute shall be heard and determined by three arbitrators; however, if mutually agreed to by the parties, then the Dispute shall be heard and determined by one arbitrator. All decisions respecting the arbitrability of any Dispute shall be decided by the arbitrator(s). Except as may be required by law or for confirmation of an award, neither a party nor an arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of both parties. Unless otherwise recoverable by law or statute, each party shall bear its own costs and expenses, including attorneys' fees and paraprofessional fees, for any mediation and arbitration. Notwithstanding the foregoing, if a party unsuccessfully contests the validity or scope of arbitration in a court of law or equity, the non-contesting party shall be awarded reasonable attorneys' fees, paraprofessional fees and expenses incurred in defending such contest, including such fees and costs associated with any appellate proceedings. In addition, if a party fails to abide by the terms of a mediation settlement or arbitration award, the other party shall be awarded reasonable attorneys' fees, paraprofessional fees and expenses incurred in enforcing such settlement or award.

Unofficial

4. GRANTOR AND GRANTEE AGREE THAT ANY LAWSUIT OR ARBITRATION PROCEEDING (WHICHEVER MAY APPLY) ARISING FROM OR RELATING TO ANY DISPUTE MUST BE COMMENCED WITHIN TWO (2) YEARS AND ONE DAY FROM THE DATE THE CAUSE OF ACTION ACCRUES. TIME IS OF THE ESSENCE, SO THAT IF THE LAWSUIT OR ARBITRATION PROCEEDING IS NOT COMMENCED WITHIN THAT STATED PERIOD, THE DISPUTE IS BARRED AND WAIVED. FOR ARBITRATION PURPOSES, A CAUSE OF ACTION SHALL ACCRUE AS PROVIDED BY APPLICABLE STATUTE FOR THE INSTITUTION OF A LEGAL OR EQUITABLE PROCEEDING; AND IF THERE IS NO APPLICABLE STATUTE, THEN THE CAUSE OF ACTION, REGARDLESS OF THE GRANTEE'S LACK OF KNOWLEDGE, ACCRUES ON DISCOVERY OF THE INJURY.

5. To the fullest extent permitted by applicable law, Grantor and Grantee agree that no finding or stipulation of fact, no conclusion of law, and no arbitration award in any other arbitration, judicial, or similar proceeding shall be given preclusive or collateral estoppel effect in any arbitration hereunder unless there is mutuality of parties. In addition, Grantor and Grantee further agree that no finding or stipulation of fact, no conclusion of law, and no arbitration award in any arbitration hereunder shall be given preclusive or collateral estoppel effect in any other arbitration, judicial, or similar proceeding unless there is mutuality of parties and then only as between those parties.

6. The waiver or invalidity of any portion of this Exhibit "A" shall not affect the validity or enforceability of the remaining portions of this Exhibit "A". Grantor and Grantee further agree (1) that any Dispute involving Grantor's affiliates, directors, officers, employees and agents shall also be subject to mediation and arbitration as set forth herein, and shall not be pursued in a court of law or equity; (2) that Grantor may, at its sole election, include Grantor's contractors, subcontractors and suppliers, as well as any warranty company and insurer or surety as parties in the mediation and arbitration; and (3) that the mediation and arbitration will be limited to the parties specified herein.

7. GRANTOR AND GRANTEE AGREE THAT THE PARTIES MAY BRING CLAIMS AGAINST THE OTHER ONLY ON AN INDIVIDUAL BASIS AND NOT AS A MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE ACTION OR COLLECTIVE PROCEEDING. THE ARBITRATOR(S) MAY NOT CONSOLIDATE OR JOIN CLAIMS REGARDING MORE THAN ONE PROPERTY AND MAY NOT OTHERWISE PRESIDE OVER ANY FORM OF A CONSOLIDATED, REPRESENTATIVE, OR CLASS PROCEEDING. ALSO, THE ARBITRATOR(S) MAY AWARD RELIEF (INCLUDING MONETARY, INJUNCTIVE, AND DECLARATORY RELIEF) ONLY IN FAVOR OF THE INDIVIDUAL PARTY SEEKING RELIEF AND ONLY TO THE EXTENT NECESSARY TO PROVIDE RELIEF NECESSITATED BY THAT PARTY'S INDIVIDUAL CLAIM(S). ANY RELIEF AWARDED CANNOT BE AWARDED ON CLASS-WIDE OR MASS-PARTY BASIS OR OTHERWISE AFFECT PARTIES WHO ARE NOT A PARTY TO THE ARBITRATION. NOTHING IN THE FOREGOING PREVENTS GRANTOR FROM EXERCISING ITS RIGHT TO INCLUDE IN THE MEDIATION AND ARBITRATION THOSE PERSONS OR ENTITIES REFERRED TO ABOVE.

Unofficial

8. Nothing herein shall extend the time period by which a claim or cause of action may be asserted under the applicable statute of limitations or statute of repose, and in no event shall the Dispute be submitted for arbitration after the date when institution of a legal or equitable proceeding based on the underlying claims in such Dispute would be barred by the applicable statute of limitations or statute of repose.

9. Other Dispute Resolutions. Notwithstanding the parties' obligation to submit any Dispute to mediation and arbitration, in the event that a particular dispute is not subject to the mediation or the arbitration provisions of Exhibit "A" of this Deed, then the parties agree to the following provisions: GRANTEE ACKNOWLEDGES THAT JUSTICE WILL BEST BE SERVED IF ISSUES REGARDING THIS DEED ARE HEARD BY A JUDGE IN A COURT PROCEEDING, AND NOT A JURY. GRANTOR AND GRANTEE AGREE THAT ANY DISPUTE, CLAIM, DEMAND, ACTION, OR CAUSE OF ACTION SHALL BE HEARD BY A JUDGE IN A COURT PROCEEDING AND NOT A JURY. GRANTOR AND GRANTEE HEREBY WAIVE THEIR RESPECTIVE RIGHT TO A JURY TRIAL. GRANTOR HEREBY SUGGESTS THAT GRANTEE CONTACT AN ATTORNEY OF GRANTEE'S CHOICE IF GRANTEE DOES NOT UNDERSTAND THE LEGAL CONSEQUENCES OF EXECUTING THIS DEED. For any Dispute that involves a claimed amount of less than $10,000, the parties may agree to litigate the Dispute before a judge in a court of small claims; however, any appeal of the judgment rendered in the small claims court will be subject to the mediation and arbitration provisions set forth in this Exhibit "A".

10. This Exhibit "A" shall run with the land and be binding upon the successors and assigns of Grantee.

Unofficial

MOVANTS EXHIBIT A

**Collin County**
**Honorable Stacey Kemp**
**Collin County Clerk**

---

**Instrument Number:** 2024000145982

eRecording - Real Property

DEED

Recorded On: November 25, 2024 08:47 AM

Number of Pages: 7

---

**" Examined and Charged as Follows: "**

Total Recording: $45.00

---

************ THIS PAGE IS PART OF THE INSTRUMENT ************

Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY because of color or race is invalid and unenforceable under federal law.

Unofficial

**File Information:**

Document Number: 2024000145982
Receipt Number: 20241125000057
Recorded Date/Time: November 25, 2024 08:47 AM
User: Kacy M
Station: Station 10

**Record and Return To:**

Simplifile

---

COUNTY COURT OF COLLIN COUNTY, TEXAS

**STATE OF TEXAS**
**COUNTY OF COLLIN**

**I hereby certify that this Instrument was** FILED **In the File Number sequence on the date/time printed hereon, and was duly** RECORDED **in the Official Public Records of Collin County, Texas.**

Honorable Stacey Kemp
Collin County Clerk
Collin County, TX

Stacey Kemp